UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

CR321-0002

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | INDICTMENT NO._____ |
| | ) | |
| v. | ) | **Conspiracy to Commit** |
| | ) | **Mail Fraud** |
| DAVID HARRELL | ) | **18 U.S.C. § 1349** |
| | ) | |
| | ) | **Mail Fraud** |
| | ) | **18 U.S.C. § 1341** |
| | ) | |
| | ) | **False Statements** |
| | ) | **18 U.S.C. § 1001** |
| | ) | |
| | ) | **Aiding and Abetting** |
| | ) | **18 U.S.C. § 2** |

**THE GRAND JURY CHARGES THAT:**

Introduction:

At all times material to this Indictment:

1.     Foreign nationals could not work in the United States without prior authorization from the United States government.  Foreign nationals could obtain work authorization in the United States if a qualifying sponsor, an employer based in the United States, petitioned the United States government for a nonimmigrant visa on their behalf.   A nonimmigrant visa that authorized foreign nationals to work for an agriculture employer was called an "H-2A visa."

2.     To petition the United States government for nonimmigrant H-2A visas for foreign workers, qualifying sponsors based in the United States completed a form on which they claimed they were seeking foreign workers for work authorization, under penalty of law, that the information provided in the form was truthful and

accurate; and then mailed their form and supporting documentation to the United States government for processing.  This form was called Form I-129, Petition for Nonimmigrant Worker ("Petition").

3.     Based on these certifications, the United States would issue nonimmigrant H-2A visas to foreign workers authorizing the workers to enter the United States and work for pay for an agriculture employer.

4.     In an effort to exploit foreign workers and cheat the system for financial gain, Defendant **DAVID HARRELL**, aided and abetted by others known and unknown, completed and mailed multiple false Petitions to the United States government purportedly seeking foreign workers to enter the United States to work for an agricultural employer, and fraudulently caused the United States to issue hundreds of H-2A visas to foreign nationals.

*Specific Counts on the Following Pages*

## COUNT ONE
*Conspiracy to Commit Mail Fraud*
18 U.S.C. § 1349

5.      Paragraphs 1 through 4 of this Indictment are incorporated by reference as if fully set forth herein.

6.      From on or about November 16, 2016 and continuing through on or about May 8, 2018, in Montgomery County, within the Southern District of Georgia, and elsewhere, Defendant **DAVID HARRELL**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and willfully combine, conspiracy, confederate, and agree with others known and unknown to the Grand Jury, to commit mail fraud, that is to execute and attempt to execute a scheme and artifice to defraud, and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, by using the United States mail, for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1341.

## OBJECT OF THE CONSPIRACY

7.      The object of the conspiracy was to make money by filing fraudulent Petitions seeking nonimmigrant H-2A visas for foreign workers.

## MANNER AND MEANS OF THE CONSPIRACY

8.      It was part of the conspiracy that conspirators located in foreign countries would fraudulently recruit foreign workers to work in the United States by unlawfully requiring the foreign workers to pay excessive fees for the opportunity to come to the United States on an H-2A visa.

3

9. It was further part of the conspiracy that conspirators located in foreign countries would forward the unlawful fees paid by the foreign workers to conspirators located in the United States.

10. It was further part of the conspiracy that after receiving the unlawful fees paid by foreign workers, conspirators located in the United States would pay other conspirators, also located in the United States, such as Defendant **DAVID HARRELL,** to prepare and file fraudulent Petitions seeking nonimmigrant H-2A visas for the foreign workers who paid the unlawful fees.

11. It was further part of the conspiracy that once the foreign workers entered the United States on the H-2A visa, conspirators would confiscate the foreign workers' passports and H-2A visas, and force the foreign workers to work in agriculture fields in the United States for little to no pay in violation of the H-2A visa process.

12. It was further part of the conspiracy that conspirators would threaten to call immigration officials if the foreign workers did not pay, refused to work, or spoke with law enforcement.

13. It was further part of the conspiracy that conspirators would force foreign workers to pay additional unlawful fees to get their passports and H-2A visas back from conspirators.

14. It was further part of the conspiracy that conspirators would allow foreign workers to abscond and not work in agriculture fields, if they paid additional unlawful fees.

15.     It was further part of the conspiracy that conspirators would take the unlawful fees paid by the foreign workers and use the illegal proceeds to pay other conspirators involved in the scheme.

## OVERT ACTS

16.     In furtherance of the conspiracy and to effect the objects thereof, Defendant **DAVID HARRELL**, and others both known and unknown to the Grand Jury, committed one or more of the following overt acts, among others, in addition to those overt acts which are set forth in Counts Two through Fifteen below, all of which are hereby incorporated into this part as if fully set forth herein:

a. Defendant **DAVID HARRELL** fraudulently prepared Petitions seeking nonimmigrant H-2A visas for foreign workers;

b. Defendant **DAVID HARRELL** obtained fraudulent signatures from purported employers based in the United States on Petitions seeking nonimmigrant H-2A visas for foreign workers; and

c. Defendant **DAVID HARRELL** mailed the fraudulent Petitions to the United States government and caused the United States government to issue hundreds of H-2A visas to foreign nationals.

All in violation of Title 18, United States Code, Sections 1349 and 2.

## COUNTS TWO THROUGH EIGHT
*Mail Fraud*
18 U.S.C. § 1341

17.     Paragraphs 1 through 4 of the Indictment are incorporated by reference as if fully set forth herein.

18.     Beginning on or about November 16, 2016, and continuing through on or about May 8, 2018, in Montgomery County, within the Southern District of Georgia, Defendant **DAVID HARRELL**, aided and abetted by others known and unknown, knowingly and willfully devised and intended to devise a scheme and artifice to defraud the United States government, and to obtain money from conspirators by means of false and fraudulent pretenses, representations and promises, using the manner and means identified below, which manner and means were material to the scheme and artifice:

19.     The Scheme and Artifice:

a.     It was part of the scheme and artifice that Defendant **DAVID HARRELL**, without authority and with an intent to defraud, would complete multiple Petitions with false and fraudulent information seeking nonimmigrant H-2A visas for foreign workers.

b.     It was part of the scheme and artifice that Defendant **DAVID HARRELL**, without authority and with an intent to defraud, would obtain fraudulent signatures from purported employers based in the United States for Petitions with false and fraudulent information seeking nonimmigrant H-2A visas for foreign workers.

6

c.    It was further part of the scheme and artifice that Defendant **DAVID HARRELL**, without authority and with an intent to defraud, would mail these false and fraudulent Petitions to the United States government, causing the United States government to issue hundreds of H-2A visas to foreign nationals.

20.    The Mailings:

On or about the following dates, Defendant **DAVID HARRELL**, for the purpose of executing, and attempting to execute, the scheme and artifice, did knowingly cause to be sent by United States mail:

| Count | Date | Description | Origin | Destination |
|-------|------|-------------|--------|-------------|
| 2. | 11/16/16 | Petition in the name of L.O. ending in 0878 | Ailey, Georgia | Laguna Niguel, California |
| 3. | 03/11/17 | Petition in the name C.D. ending in 1531 | Ailey, Georgia | Laguna Niguel, California |
| 4. | 03/30/17 | Petition in the name of C.W.L. ending in 1491 | Ailey, Georgia | Laguna Niguel, California |
| 5. | 09/22/17 | Petition in the name of M.H. ending in 0965 | Ailey, Georgia | Laguna Niguel, California |
| 6. | 04/16/18 | Petition in the name of M.W. ending in 4323 | Ailey, Georgia | Laguna Niguel, California |
| 7. | 04/16/18 | Petition in the name of T.W. ending in 3580 | Ailey, Georgia | Laguna Niguel, California |

7

| Count | Date | Description | Origin | Destination |
|-------|------|-------------|--------|-------------|
| 8. | 05/08/18 | Petition in the name L.W. ending in 4035 | Ailey, Georgia | Laguna Niguel, California |

All in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT NINE
### *False Statements*
18 U.S.C. § 1001(a)(3)

21.     Paragraphs 1 through 4 of the Indictment are incorporated by reference as if fully set forth herein.

22.     On or about November 16, 2016, in Montgomery County, within the Southern District of Georgia, in a matter within the jurisdiction of the Department of Homeland Security, United States Citizenship and Immigration Services, an independent establishment within the executive branch of the United States Government, Defendant **DAVID HARRELL**, aided and abetted by others known and unknown, did willfully and knowingly make and cause to be made, and use and cause to be used, a false writing or document, knowing the same to contain a materially false, fictitious, and fraudulent statement. Defendant **DAVID HARRELL** submitted a false Form I-129, Petition for Nonimmigrant Worker to the Department of Homeland Security, United States Citizenship and Immigration Services, by falsely listing that L.O. was a farm labor contractor who was requesting foreign workers under the H-2A visa process, when Defendant **DAVID HARRELL** did in fact know and believe that L.O. was not a farm labor contractor and was not requesting foreign workers under the H-2A visa process.

All in violation of Title 18, United States Code, Sections 1001(a)(3) and 2.

9

## COUNT TEN
### *False Statements*
18 U.S.C. § 1001(a)(3)

23.     Paragraphs 1 through 4 of the Indictment are incorporated by reference as if fully set forth herein.

24.     On or about March 11, 2017, in Montgomery County, within the Southern District of Georgia, in a matter within the jurisdiction of the Department of Homeland Security, United States Citizenship and Immigration Services, an independent establishment within the executive branch of the United States Government, Defendant **DAVID HARRELL**, aided and abetted by others known and unknown, did willfully and knowingly make and cause to be made, and use and cause to be used, a false writing or document, knowing the same to contain a materially false, fictitious, and fraudulent statement. Defendant **DAVID HARRELL** submitted a false Form I-129, Petition for Nonimmigrant Worker to the Department of Homeland Security, United States Citizenship and Immigration Services, by falsely listing that C.D. was a farm labor contractor who was requesting foreign workers under the H-2A visa process, when Defendant **DAVID HARRELL** did in fact know and believe that C.D. was not a farm labor contractor and was not requesting foreign workers under the H-2A visa process.

All in violation of Title 18, United States Code, Sections 1001(a)(3) and 2.

**COUNT ELEVEN**
*False Statements*
18 U.S.C. § 1001(a)(3)

25.     Paragraphs 1 through 4 of the Indictment are incorporated by reference as if fully set forth herein.

26.     On or about March 30, 2017, in Montgomery County, within the Southern District of Georgia, in a matter within the jurisdiction of the Department of Homeland Security, United States Citizenship and Immigration Services, an independent establishment within the executive branch of the United States Government, Defendant **DAVID HARRELL**, aided and abetted by others known and unknown, did willfully and knowingly make and cause to be made, and use and cause to be used, a false writing or document, knowing the same to contain a materially false, fictitious, and fraudulent statement. Defendant **DAVID HARRELL** submitted a false Form I-129, Petition for Nonimmigrant Worker to the Department of Homeland Security, United States Citizenship and Immigration Services, by falsely listing that C.W.L. was a farm labor contractor who was requesting foreign workers under the H-2A visa process, when Defendant **DAVID HARRELL** did in fact know and believe that C.W.L. was not a farm labor contractor and was not requesting foreign workers under the H-2A visa process.

All in violation of Title 18, United States Code, Sections 1001(a)(3) and 2.

11

## COUNT TWELVE
*False Statements*
18 U.S.C. § 1001(a)(3)

27.     Paragraphs 1 through 4 of the Indictment are incorporated by reference as if fully set forth herein.

28.     On or about September 22, 2017, in Montgomery County, within the Southern District of Georgia, in a matter within the jurisdiction of the Department of Homeland Security, United States Citizenship and Immigration Services, an independent establishment within the executive branch of the United States Government, Defendant **DAVID HARRELL**, aided and abetted by others known and unknown, did willfully and knowingly make and cause to be made, and use and cause to be used, a false writing or document, knowing the same to contain a materially false, fictitious, and fraudulent statement. Defendant **DAVID HARRELL** submitted a false Form I-129, Petition for Nonimmigrant Worker to the Department of Homeland Security, United States Citizenship and Immigration Services, by falsely listing that M.H. was a farm labor contractor who was requesting foreign workers under the H-2A visa process, when Defendant **DAVID HARRELL** did in fact know and believe that M.H. was not a farm labor contractor and was not requesting foreign workers under the H-2A visa process.

All in violation of Title 18, United States Code, Sections 1001(a)(3) and 2.

12

**COUNT THIRTEEN**
*False Statements*
18 U.S.C. § 1001(a)(3)

29.     Paragraphs 1 through 4 of the Indictment are incorporated by reference as if fully set forth herein.

30.     On or about April 16, 2018, in Montgomery County, within the Southern District of Georgia, in a matter within the jurisdiction of the Department of Homeland Security, United States Citizenship and Immigration Services, an independent establishment within the executive branch of the United States Government, Defendant **DAVID HARRELL**, aided and abetted by others known and unknown, did willfully and knowingly make and cause to be made, and use and cause to be used, a false writing or document, knowing the same to contain a materially false, fictitious, and fraudulent statement. Defendant **DAVID HARRELL** submitted a false Form I-129, Petition for Nonimmigrant Worker to the Department of Homeland Security, United States Citizenship and Immigration Services, by falsely listing that M.W. was a farm labor contractor who was requesting foreign workers under the H-2A visa process, when Defendant **DAVID HARRELL** did in fact know and believe that M.W. was not a farm labor contractor and was not requesting foreign workers under the H-2A visa process.

All in violation of Title 18, United States Code, Sections 1001(a)(3) and 2.

13

## COUNT FOURTEEN
*False Statements*
18 U.S.C. § 1001(a)(3)

31.     Paragraphs 1 through 4 of the Indictment are incorporated by reference as if fully set forth herein.

32.     On or about April 16, 2018, in Montgomery County, within the Southern District of Georgia, in a matter within the jurisdiction of the Department of Homeland Security, United States Citizenship and Immigration Services, an independent establishment within the executive branch of the United States Government, Defendant **DAVID HARRELL**, aided and abetted by others known and unknown, did willfully and knowingly make and cause to be made, and use and cause to be used, a false writing or document, knowing the same to contain a materially false, fictitious, and fraudulent statement. Defendant **DAVID HARRELL** submitted a false Form I-129, Petition for Nonimmigrant Worker to the Department of Homeland Security, United States Citizenship and Immigration Services, by falsely listing that T.W. was a farm labor contractor who was requesting foreign workers under the H-2A visa process, when Defendant **DAVID HARRELL** did in fact know and believe that T.W. was not a farm labor contractor and was not requesting foreign workers under the H-2A visa process.

All in violation of Title 18, United States Code, Sections 1001(a)(3) and 2.

## COUNT FIFTEEN
*False Statements*
18 U.S.C. § 1001(a)(3)

33.    Paragraphs 1 through 4 of the Indictment are incorporated by reference as if fully set forth herein.

34.    On or about May 8, 2018, in Montgomery County, within the Southern District of Georgia, in a matter within the jurisdiction of the Department of Homeland Security, United States Citizenship and Immigration Services, an independent establishment within the executive branch of the United States Government, Defendant **DAVID HARRELL**, aided and abetted by others known and unknown, did willfully and knowingly make and cause to be made, and use and cause to be used, a false writing or document, knowing the same to contain a materially false, fictitious, and fraudulent statement. Defendant **DAVID HARRELL** submitted a false Form I-129, Petition for Nonimmigrant Worker to the Department of Homeland Security, United States Citizenship and Immigration Services, by falsely listing that L.W. was a farm labor contractor who was requesting foreign workers under the H-2A visa process, when Defendant **DAVID HARRELL** did in fact know and believe that L.W. was not a farm labor contractor and was not requesting foreign workers under the H-2A visa process.

All in violation of Title 18, United States Code, Sections 1001(a)(3) and 2.

15

## CRIMINAL FORFEITURE

The allegations contained in Counts One through Eight of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

Upon conviction of the offenses in violation of Title 18, United States Code, Sections 1349 and 1341, set forth in Counts One through Eight of this Indictment, Defendant **DAVID HARRELL**, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s). The property to be forfeited includes, but is not limited to, the following: 3001 U.S. HWY 280, Ailey, Georgia 30410.

If any of the property described above, as a result of any act or omission of Defendant **DAVID HARRELL**

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

A True Bill.

Foreperson

David H. Estes
Acting United States Attorney

Karl I. Knoche
Assistant United States Attorney
Chief, Criminal Division

Tania D. Groover*
Assistant United States Attorney
*Lead Counsel

18