# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# DUBLIN DIVISION

| | |
|---|---|
| **UNITED STATE OF AMERICA** | |
| v. | **CASE NO. 3:21-CR-002** |
| **DAVID HARRELL** | |

## MOTION FOR ORDER ALLOWING THE GOVERNMENT TO MAINTAIN CUSTODY OF SEIZED PROPERTY

The United States of America, by David H. Estes, Acting United States Attorney, and Xavier A. Cunningham, Assistant United States Attorney, for the Southern District of Georgia, hereby moves this Court for an order permitting the United States to maintain custody of property already in the government's lawful custody pending the resolution of this criminal case. In support of its motion, the United States submits as follows:

1. On May 6, 2021, a federal grand jury presiding in the Southern District of Georgia returned a sealed indictment charging the following defendant David Harrell (hereinafter, the "Defendant") in a fifteen-count Indictment charging violations of 18 U.S.C. § 1349 (Count One – Conspiracy to Commit Mail Fraud); 18 U.S.C. § 1341 (Counts Two through Eight – Mail Fraud); and 18 U.S.C. § 1001(a)(3) (Counts Nine through Fifteen – False Statements).  *See* Dkt. No. 3.

2. Indictment contained a Forfeiture Allegation seeking forfeiture pursuant Title 18, United Sates Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any property real or personal, which constitutes or is derived

from proceeds traceable to the alleged specified unlawful activity, or traceable to a conspiracy to commit such offense.

3. On May 19, 2021, law enforcement agents executed a search warrant at 3001 Hwy 280, Ailey, Georgia 30410. During the search law enforcement recovered $257,824 in U.S. currency (hereinafter, the "Subject Property") that was stored in multiple bundles of mixed denominations at various locations throughout the home. The Government believes that these funds are proceeds from the offenses articulated in the Defendant's grand jury Indictment.

4. More specifically, based on information gathered during the criminal investigation, there is probable cause to believe that the Defendant and others knowingly and willfully participated in a scheme to defraud the government, through the use of the H2-A, agricultural worker visa program. It is alleged that the Defendant submitted to the United States Department of Labor (DOL), the United States Department of Homeland Security, (DHS) United States Citizenship and Immigration Services (USCIS) and the Department of State (DOS), documentation containing false statements with respect to aliens using the H-2A visa process to enter the United States on a temporary basis.

## CITATIONS AND ARGUMENT

5. In June 2018, investigators interviewed the Defendant, at which time he revealed that he charged $4,600 to submit each application (work-order). On May 19, 2021, in an interview following his arrest the Defendant stated to DOL OIG and DSS agents he charged $4,200 to submit each application (work-order).

6.      In March 2021, DSS and DOL agents interviewed Cooperating Witness (CW).  CW explained that her friend, Donna Rojas, and Rojas's family operate their business in cash.

7.      Evidence obtain during the course of the investigation establish that there were approximately twenty-two farm labor contractors with sixty-one associated petitions which the Defendant filed applications on behalf of as part of the scheme. In total, as a result of the fraudulent applications the Defendant submitted, he obtained approximately $256,200 to $280,600 in cash payments.

8.      On May 27, 2021, the Government filed a Bill of Particulars (Doc. 29) in order to comply with its notice requirements pursuant to the Federal Rules of Criminal Procedure Rule 32.2.   *See United States v. Strissel,* 920 F.2d 1162, 1166 (4th Cir.1990) (A bill of particulars is an appropriate way to pinpoint certain assets, noted in the indictment, as subject to forfeiture.)

9.      Here, because the United States chose to commence a criminal action containing a forfeiture allegation related to property that is already in Government custody, the United States must now "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute."   *See* 18 U.S.C. § 983(a)(3)(B)(ii)(II). To achieve this goal, the Government files the present motion.

10.     A seizure warrant, restraining order or injunction is not required for the Government to maintain custody of property already in its custody. The Government only needs to obtain a criminal indictment containing a forfeiture allegation and

represent that it will preserve the property already in custody in order to obtain a 21 U.S.C. § 853(e) court order for the maintenance of property already in Government custody. *See, e.g., United States v. Abrahams*, Criminal No. 12-cr-0639-JFM, 2013 WL 285719 at *2 (D. Md. Jan. 24, 2013). If property is already in Government custody, a Section 853(f) seizure warrant is not necessary or appropriate. *See In re One 2000 White Mercedes ML320*, 220 F. Supp. 2d 1325-1326 (M.D. Fla. 2001).

11.  Instead, a court may appropriately issue an order that permits the United States to maintain the seized property in Government custody until the resolution of the criminal case:

> Where the Government [represents that it has taken seized property into custody for purpose of forfeiture and that it will preserve that property until resolution of criminal case and related criminal forfeiture proceedings], the only court order needed to preserve the Government's right to maintain custody of the property for the purposes of Section 983(a)(3)(B)(ii)(II) is a 'housekeeping' order providing that the Government may continue to maintain custody of the seized asset until the criminal case is concluded.

*See United States v. Abrahams*, Criminal No. 12-cr-0639-JFM, 2013 WL 285719 at *2 (D. Md. Jan. 24, 2013) (quotations omitted). The 21 U.S.C. § 853(e)(1) provision that authorizes a court to "take any other action to preserve the availability of property" subject to forfeiture "applies in circumstances where, as here, the Government has already obtained lawful custody of the seized assets pursuant to Federal search and seizure warrants, and State search warrants, and the Government seeks to comply with Section 983(a)(3)(B)(ii)(II)." *See United States v. Scarmazzo*, 2007 WL 587183, at *3 (E.D. Cal. Feb. 22, 2007). In *Standridge*, the court entered an order preserving seized funds for forfeiture where the Government had obtained a criminal indictment

containing an allegation that the property was subject to forfeiture and took steps necessary to preserve the Government's right to maintain custody of the seized property under 21 U.S.C. § 853(e) by filing a motion for an order to continue to maintain custody of property. *See United States v. Standridge*, 2007 WL 2572207, at *2 (M.D. Fla. Sept. 5, 2007). If property is already in Government custody, a court cannot issue a seizure warrant and is not required to issue an injunction or restraining order, but only an order that will "assure the availability of the property." *See In re One 2000 White Mercedes ML320*, 220 F. Supp. 2d at 1325.

10. Because the Government previously took the Seized Assets into custody for forfeiture and hereby represents that it will preserve it for forfeiture, until the criminal case is resolved, including any criminal ancillary forfeiture proceedings, this Court is authorized to issue an order allowing the Government to continue to maintain custody of such property until the criminal case is concluded. *See Scarmazzo*, 2007 WL 587183 at *3.

## CONCLUSION

WHEREFORE, the United States respectfully requests that this Court issue an order under 21 U.S.C. § 853(e)(1) that (1) directs the United States to maintain custody of the Seized Assets through the conclusion of the pending criminal case, including any ancillary forfeiture proceedings, and (2) finds that the United States has satisfied the custody-preservation requirement of 18 U.S.C. § 983(a)(3)(B)(ii)(II).

Respectfully submitted this 28th day of May 2021.

        DAVID H. ESTES
        ACTING UNITED STATES ATTORNEY

        ***/s/ Xavier A. Cunningham***
        Xavier A. Cunningham
        Assistant United States Attorney
        New York Bar No. 5269477
        P.O. Box 8970
        Savannah, GA 31412
        (912) 652-4422

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the Notice of Electronic Filing that was generated as a result of electronic filing in this Court.

The 28th of May 2021.

*/s/ Xavier A. Cunningham*

Xavier A. Cunningham
Assistant United States Attorney