UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO: 3:21-CR-002 |
| | ) | |
| DAVID HARRELL | ) | |

**GOVERNMENT'S UNOPPOSED MOTION FOR A
<u>PROTECTIVE ORDER GOVERNING DISCOVERY</u>**

The United States of America moves the Court for a protective order concerning the discovery in this case. Counsel for Defendant David Harrell does not oppose this motion.

While the exchange of discovery is critical to the efficient and just resolution of this matter, the production of information in this type of case nonetheless contains inherent risks to privacy and safety interests of the parties and persons who are not parties to the litigation, such as witnesses and cooperating individuals, including but not limited to the disclosure of sensitive personally identifiable information.

**I.      Legal Authority**

The Supreme Court has made clear that "the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969); s*ee also United States v. Campa*, 529 F.3d 980, 995 (11th Cir. 2008) (recognizing "[t]he broad authority of the district court to regulate discovery" in a criminal case). Likewise, Federal Rule of Criminal Procedure 16 provides that courts "may, for good cause, deny, restrict, or defer

1

discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The advisory committee notes to Rule 16 elaborate that courts should consider the economic harm to third parties when fashioning discovery protective orders. *See id.* advisory committee's note (1974 amendment) ("Although the rule does not attempt to indicate when a protective order should be entered, it is obvious that one would be appropriate where there is reason to believe that a witness would be subject to physical or economic harm if his identity is revealed.").

Witnesses and victims sometimes face a significant risk of retaliation, intimidation, or other harm. These risks are not limited to gang or violent crime cases. When there are legitimate concerns for a victim's or witness's safety, protective orders help prevent any intimidation or other harm to witnesses or victims. *See, e.g., United States v. Pelton*, 578 F.2d 701, 706-07 (8th Cir. 1978) (court properly issued a protective order preventing defendant's access to tape recordings in light of government's concern for the safety of cooperating sources whose identity was disclosed in the recordings).

In addition, the Government's interest in protecting an ongoing criminal investigation can establish good cause. *See United States v. Smith*, 985 F. Supp. 2d 506, 531 (S.D.N.Y. 2013) (ongoing criminal investigation was good cause to issue protective order); *see also United States v. Valenti*, 987 F.2d 708, 714 (11th Cir. 1993) (affirming district court's refusal to unseal transcripts of *in camera* proceedings on the ground that it would damage continuing law enforcement investigations). Other examples of provisions limiting disclosure of information include the grand jury

secrecy provisions in Criminal Procedure Rule 6(e), and the prohibitions in Title III of the Omnibus Crime Control and Safe Streets Act of 1968 (18 U.S.C. §§ 2510-2522) on the disclosure or "use" of the contents of any interception, 18 U.S.C. § 2511(1)(c) – (e).

## II.     Background

A grand jury in the Southern District of Georgia has charged Defendant David Harrell with violations of 18 U.S.C. § 1349 (conspiracy to commit mail fraud), 18 U.S.C. § 1341 (mail fraud), and 18 U.S.C. § 1001 (false statements).  Doc. 3.  The indictment alleges that Defendant David Harrell was a member of a transnational organization that submitted fraudulent petitions to the United States government to bring foreign workers into the United States on an H-2A agriculture visa.  *Id*.  The indictment further alleges that Defendant Harrell fraudulently prepared petitions seeking nonimmigrant H-2A visas for foreign workers, obtained fraudulent signatures from purported employers based in the United States, and mailed the fraudulent petitions to the United States government, thereby causing the United States government to issue hundreds of H-2A visas to foreign nationals.  *Id*.

## III.    Justification for Limited Disclosure

### a.  Personally Identifiable Information (PII)

Many of the materials the Government will produce in discovery contain personally identifying information of third parties. Such materials include search warrant affidavits, law enforcement reports, Grand Jury testimony and Grand Jury documents such as bank records of third parties, multiple federal wiretaps, cell

phone images, criminal history records, and documents from the Department of Labor and the Department of State concerning the identity of hundreds of foreign national workers. Because of the nature and length of the investigation, a substantial amount of the discovery in this case includes names, social security numbers, dates of birth, addresses, and financial records of parties and non-parties. Although, as a general matter, this type of information can be manually redacted, the Government seeks to make such materials subject to a protective order to avoid slowing the discovery process by requiring the Government to employ what would be a protracted redaction process. Moreover, placing the confidential personal information of third parties under a protective order puts the Government and Defendant on equal footing, both having full and open access to the same information.

    b. <u>Safety of Witnesses</u>

The criminal conduct alleged in the indictment includes exploiting vulnerable people from foreign countries, such as Mexico and Honduras. The allegations include that some members of the criminal origination forced workers to work for little to no pay to pay off illegal smuggling debts. The allegations also include that some members of the criminal organization were forced to work under the threat of violence or actual violence. Multiple witnesses have expressed fear of reprisal.

    c. <u>Integrity of the Investigation</u>

Finally, the Government's investigation is ongoing. The compromise of case-related information, some of which will likely remain sealed to the public for some time, can only serve to impair its efforts and slow the administration of justice. Given

the ease with which information can be shared online, and the impossibility of clawing it back once published, the Government seeks reasonable protections for its witnesses and for the integrity of its ongoing investigation.

### IV.    Conclusion

Therefore, pursuant to Federal Rule of Criminal Procedure 16(d)(1), the United States hereby moves for entry of a protective order in this case.

The United States respectfully requests that all discovery provided:

(1)     Be used by counsel of record only for purposes of representing his client in this action;

(2)     Be maintained in a safe and secure manner by each counsel of record;

(3)     Not be possessed by the defendant, except in the presence of the defendant's counsel; and

(4)     Not be disclosed in any form by either party in any format outside of this action, to include disclosure on social media.

Such discovery material may be disclosed by counsel only to the following designated persons:

(1)     Investigative, secretarial, clerical, and paralegal personnel;

(2)     Independent expert witnesses, investigators, or advisors retained by counsel of record in connection with this action; and

(2)     Other witnesses testifying to the contents of the document / material.

In addition, discovery may be provided to such other persons authorized by the Court upon motion of either party. The United States requests that counsel of record shall provide a copy of the protective order to any designated person to whom they disclose discovery material. Prior to disclosure of discovery material to any

designated person, such designated person shall agree to be subject to the terms of the protective order.

The United States further requests the parties comply with Federal Rule of Criminal Procedure 49.1 with respect to any document they intend to use as an exhibit at trial, or they provide in public filings. Federal Rule of Criminal Procedure 16(d)(1) states, in part, at any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. In addition, Rule 16.1 of the Local Rules for Criminal Cases for the Southern District of Georgia prohibits dissemination of discovery material beyond that necessary to the preparation of the defendants' defenses.

WHEREFORE, the United States respectfully requests the Court enter a protective order governing the disclosure of discovery in this case.

Respectfully submitted,

DAVID H. ESTES
ACTING UNITED STATES ATTORNEY

/s/ Tania D. Groover
Tania D. Groover
Assistant United States Attorney
Georgia Bar No. 127947

Post Office Box 8970
Savannah, Georgia 31412
Telephone: (912) 201-2552
Facsimile: (912) 652-4388
E-mail: tania.groover@usdoj.gov