# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF GEORGIA

# DUBLIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| VS. ) | **CASE NUMBER: 3:21-CR-002** |
| ) | |
| **DAVID HARRELL,** ) | |
| ) | |
| **DEFENDANT.** ) | |

## MOTION FOR BILL OF PARTICULARS
## AND BRIEF IN SUPPORT THEREOF

COMES NOW David Harrell, the Defendant, by and through undersigned counsel, and respectfully submits this Motion for a Bill of Particulars and Brief in Support Thereof pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, and requests this Honorable Court enter an Order directing the United States to file a Bill of Particulars to the following matters, persons, and places concerning the offense charged in the above-styled indictment. As grounds for this Motion, the Defendant shows the following, to wit:

1.

The Defendant is charged in a several count indictment charging him with aiding and abetting and in count one with conspiracy to commit mail fraud in violation of Title 18, United States Code, Sections 1349 and 2, counts two through

eight with mail fraud in violation of Title 18, United States Code, Sections 1349 and 2, counts nine through fifteen with false statements in violation of Title 18, United States Code, Sections 1001(a)(3) and 2.

2.

Rule 7(f) of the Federal Rules of Criminal Procedure provides for the filing of a bill of particulars. The purpose of a bill of particulars is to give the defendant more particular information. United States v. Haas, 583 F.2d 216 (5th Cir. 1978). The bill of particulars provides the defendant with information about the details of the charges against him that are necessary to the preparation of his defense and to avoid prejudicial surprise at trial. United States v. Diecidue, 603 F.2d 535 (5th Cir. 1979), cert denied 445 U.S. 946 (1979); United States v. Bascaro, 742 F.2d 1335 (11th Cir. 1984).

3.

The Motion is not an attack upon the sufficiency of the indictment. The fact that the indictment is valid is not a defense to a motion for a Bill of Particulars, inasmuch as the underlying purpose of Rule 7(f) of the Federal Rules of Criminal Procedure is not to cure defects in the Government's pleadings. United States v. Faulkner, 53 F.R.D. 299 (D. Wis. 1971)  In fact, a Bill of Particulars cannot save an invalid indictment.  United States v. Farinas, 299 F. Supp. 852 (S.D.N.Y. 1969).

4.

The purposes of a Bill of Particulars are to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague and indefinite for such purposes. United States v. Haskins, 345 F.2d 11 (6th Cir. 1965); United States v. Francisco, 575 F.2d 815 (10th Cir. 1978).

5.

To serve the purposes stated above, and specifically in order to properly prepare for trial, the Defendant respectfully requests that this Court order the Government to disclose the following particulars regarding counts one through fifteen of the above-styled indictment:

a. State all instances in which he committed any act on behalf of and as part of the alleged conspiracy;

b. State with as much particularity as possible the dates on which each such act occurred;

c. State with as much particularity as possible the other individuals involved on each occasion;

d. Identify by name, address, and telephone number each "agricultural employer" referenced in paragraph 4 of the indictment;

e. Identify by name, address, and telephone number each person alleged to be "conspirators located in the United States" referenced in paragraph 10 of the indictment;

f. For each of the alleged "fraudulent signatures" referenced in paragraph 16(b.) of the indictment, identify with particularity the document on which the alleged fraudulent signature appears, the name of the person who allegedly wrote the "fraudulent signature," the date on which each alleged "fraudulent signature" was written, the name of each person present when each person allegedly wrote the "fraudulent signature," and explain how Mr. Harrell "obtained" each such "fraudulent signature;"

g. For each of the alleged "purported employers" referenced in paragraph 16(b.) of the indictment, identify with particularity his/her name, address, and telephone number;

h. Particularize how David Harrell allegedly "caused the United States government to issue hundreds of H-2A visas to foreign nationals," as referenced in paragraph 16(c.) of the indictment;"

i. Particularize the "false and fraudulent information" referenced in paragraph 19(a.) of the indictment;

j. For each of the alleged "fraudulent signatures" referenced in paragraph 19(b.) of the indictment, identify with particularity the document on which the alleged fraudulent signature appears, the name of the person who allegedly wrote the "fraudulent signature," the date on which each alleged "fraudulent signature" was written, the name of each person present when each person allegedly wrote the "fraudulent signature," and explain how Mr. Harrell "obtained" each such "fraudulent signature;"

k. For each of the alleged "purported employers" referenced in paragraph 19(b.) of the indictment, identify with particularity his/her name, address, and telephone number;

l. Particularize how David Harrell allegedly "caused the United States government to issue hundreds of H-2A visas to foreign nationals," as referenced in paragraph 19(c.) of the indictment;"

m. Identify with particularity each alleged "false writing or document" referenced in paragraph 22 with sufficient particularity for the Defendant to recognize it;

n. Identify with particularity each alleged "materially false, fictitious, and fraudulent statement" referenced in paragraph 22 of the indictment;

o. Identify with particularity each document or other item containing any information that "L.O." was not a "farm labor contractor" as referenced in paragraph 22 of the indictment;

p. Identify with particularity each document or other item containing any information that "C.D." was not a "farm labor contractor" as referenced in paragraph 24 of the indictment;

q. Identify with particularity each document or other item containing any information that "C.W.L." was not a "farm labor contractor" as referenced in paragraph 26 of the indictment;

r. Identify with particularity each document or other item containing any information that "M.H." was not a "farm labor contractor" as referenced in paragraph 28 of the indictment;

s. Identify with particularity each document or other item containing any information that "M.W." was not a "farm labor contractor" as referenced in paragraph 30 of the indictment;

t. Identify with particularity each document or other item containing any information that "T.W." was not a "farm labor contractor" as referenced in paragraph 32 of the indictment;

u. Identify with particularity each document or other item containing any information that "L.W." was not a "farm labor contractor" as referenced in paragraph 34 of the indictment;

v. Particularize how David Harrell allegedly "did in fact know and believe that L.O. was not a farm labor contractor and was not requesting foreign workers under the H-2A visa process" as referenced in paragraph 22 of the indictment;

w. Particularize how David Harrell allegedly "did in fact know and believe that C.D. was not a farm labor contractor and was not requesting foreign workers under the H-2A visa process" as referenced in paragraph 24 of the indictment;

x. Particularize how David Harrell allegedly "did in fact know and believe that C.W.L. was not a farm labor contractor and was not requesting foreign workers under the H-2A visa process" as referenced in paragraph 26 of the indictment;

y. Particularize how David Harrell allegedly "did in fact know and believe that M.H. was not a farm labor contractor and was not requesting foreign workers under the H-2A visa process" as referenced in paragraph 28 of the indictment;

z. Particularize how David Harrell allegedly "did in fact know and believe that M.W. was not a farm labor contractor and was not requesting foreign workers under the H-2A visa process" as referenced in paragraph 30 of the indictment;

    aa. Particularize how David Harrell allegedly "did in fact know and believe that T.W. was not a farm labor contractor and was not requesting foreign workers under the H-2A visa process" as referenced in paragraph 32 of the indictment;

    bb. Particularize how David Harrell allegedly "did in fact know and believe that L.W. was not a farm labor contractor and was not requesting foreign workers under the H-2A visa process" as referenced in paragraph 34 of the indictment.

6.

In these requests for Particulars, Mr. Harrell is not asking the government to reveal its list of witnesses nor all of the evidence upon which it case is based. Rather, he is merely attempting to avoid prejudicial surprise to him at the time of trial.

7.

A defendant is presumed innocent upon his plea of not guilty, and it cannot be assumed by the Court that the defendant knew the particulars sought in a Motion for Bill of Particulars. The defendant can only be considered ignorant of the facts on which the Government founds its charges. <u>United States v. Tucker</u>, 262 F. Supp. 305 (S.D.N.Y. 1960). <u>United States v. Burgio</u>, 279 F. Supp. 843 (S.D.N.Y. 1968).

WHEREFORE, the Defendant respectfully requests that this Court exercise its sound discretion and order the United States to provide the particulars requested herein so as to assure that the Defendant may adequately prepare for trial and avoid prejudicial surprise.

Respectfully submitted this 7 day of February, 2022.

**/s/ Troy W. Marsh, Jr.**
Attorney Bar Number 471440
Attorney for David Harrell
The Marsh Law Firm
Post Office Box 1897
Statesboro, Georgia 30458
Telephone: (912) 764-7388
E-Mail: troy@troymarshlaw.com

## **CERTIFICATE OF SERVICE**

This is to certify that I have on this date served a copy of the foregoing **MOTION FOR BILL OF PARTICULARS AND BRIEF IN SUPPORT THEREOF** upon all counsel of record in accordance with the directives from the Court Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing.

This 7 day of February, 2022.

                                             **s/ Troy W. Marsh, Jr., Esq.**
                                             Attorney Bar Number: 471440
                                             Attorney for David Harrell
                                             The Marsh Law Firm
                                             34 Courtland Street
                                             Statesboro, Georgia 30458
                                             Telephone: (912) 764-7388
                                             E-mail: troy@troymarshlaw.com