**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO: 3:21-CR-002 |
| | ) | |
| DAVID HARRELL | ) | |

## UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR BILL OF PARTICULARS

The United States opposes Defendant's request for a bill of particulars.  Doc. 47.  Defendant's motion amounts to the submission of interrogatories and a request to have the United States detail every single material misrepresentation that it intends to show at trial.  This request for interrogatories and a detailed disclosure of the government's evidence prior to trial is not recognized under the Federal Rules of Criminal Procedure.

The purpose of the bill of particulars is to give notice of the offenses charged in the indictment so that a defendant may prepare a defense, avoid surprise, or raise pleas of double jeopardy when the indictment itself is too vague for such purposes. *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) (quoting *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985)).  Where necessary, the bill of particulars supplements the indictment by providing the accused with information necessary for trial preparation.  *Id.*  Generalized discovery is not a proper purpose in seeking a bill of particulars.  *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985) (quoting *United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir. 1981)).  Nor is it a device intended to secure for the defense the government's explanation of its

theory of the case. *United States v. Hajecate*, 683 F.2d 894, 898 (5th Cir. 1982). A bill of particulars "may not be used to obtain a detailed disclosure of the government's evidence prior to trial." *United States v. Perez*, 489 F.2d 51, 71 (5th Cir. 1973).

Here, denial of Defendant's request is appropriate for several reasons. First, the indictment in this case is specific and supports each of the requisite elements of the charged offenses; thus, there is little chance of surprise to the Defendant at trial resulting in prejudice to his substantial rights. *See United States v. Hawkins*, 661 F.2d 436, 451–52 (5th Cir. 1981).

Second, Defendant seeks information regarding the charged offenses that has already been provided in the voluminous discovery in this case. "A bill of particulars is not required where the information sought has already been provided by other sources, such as the indictment and discovery[.]" *United States v. Roberts*, 174 F. App'x 475, 477 (11th Cir. 2006) (citing *United States v. Martell,* 906 F.2d 555, 558 (11th Cir. 1990)). "Under these circumstances, information essential to the defense is being provided and the need for particulars is nonexistent." *United States v. Salazar-Rodriguez*, No. CR 309-004, 2009 WL 10671589, at *7 (S.D. Ga. Sept. 1, 2009). While Defendant requests the information to help him prepare a defense, such concern is unfounded because the extensive discovery provided in advance of trial allows Defendant to adequately prepare a defense. In this case, the United States has produced a significant amount of discovery that will help Defendant prepare his defense. The discovery includes the federal search warrant for Defendant's residence, witness interviews, grand jury testimony, Department of Labor certification

documentation, USCIS immigration authorization documentation, Department of State visa admission documentation, email account records, financial records, and law enforcement reports of investigation.   Because of the liberal and extensive discovery provided and to be provided, there can be no legitimate claim of surprise at trial.  A bill of particulars is not an appropriate or necessary procedural tool in this case. *See United States v. Gayle*, 936 F.2d 1234, 1236 (11th Cir. 1991); *United States v. Perkins*, 748 F.2d 1519, 1524-25 (11th Cir. 1984).

Third, Defendant seeks information that amounts to overt acts – details as to the dates, documents at issue, individuals involved, and an accounting of all the misrepresentations and false statements made in this case.   Overt acts are not elements of the charged mail fraud conspiracy.  *United States v. Feldman*, 931 F.3d 1245, 1258 (11th Cir. 2019), nor elements of the substantive mail fraud counts. *United States v. Maxwell*, 579 F.3d 1282, 1299 (11th Cir. 2009).  Likewise, overt acts are not elements of the false statements counts.  *United States v. Baker*, 626 F.2d 512, 514 (5th Cir. 1980).   Because overt acts are not elements of the charged offenses, "Defendant is not entitled to an accounting of the 'overt acts' he committed in furtherance of . . . the charged conspiracy[y]." *United States v. Henley*, No. 116CR00151LMMJFK, 2017 WL 2952821, at *16 (N.D. Ga. May 19, 2017), *report and recommendation adopted,* No. 1:16-CR-151, 2017 WL 2918954 (N.D. Ga. July 7, 2017).

Similarly, Defendant is not entitled to a bill of particulars detailing every single material misrepresentation the government intends to show at trial. *United*

*States v. Holzendorf*, 576 F. App'x 932, 935–36 (11th Cir. 2014). In *Holzendorf*, the defendant was charged with conspiracy to commit mail and wire fraud, 15 substantive counts of mail fraud, and 15 substantive counts of wire fraud. *Id*. at 933. The defendant filed a motion for a bill of particulars detailing every single material misrepresentation the government intended to show at trial. *Id*. at 935. The Eleventh Circuit upheld the district court's denial of the motion and said the "request was nothing more than a thinly veiled attempt to have the government make a detailed disclosure of the evidence that it planned to present at trial. That is not an appropriate basis for seeking a bill of pa bill of particulars." *Id*. at 935-36.

Lastly, Defendant seeks the details about the acts in which *he* engaged in commission of the charged conspiracy. It is doubtful that Defendant could establish that, without the United States providing the details about this evidence, he was not able to prepare a defense to the charged offense or was surprised. In a case where the evidence being sought by a bill of particulars consists of activities in which a defendant participated or witnessed, the defendant "'could hardly have been surprised by the government's proof at trial.'" *United States v. Cantu*, 557 F.2d 1173, 1178 (5th Cir. 1977) (quoting *United States v. Pena*, 542 F.2d 292, 293-94 (5th Cir. 1976)); *see also United States v. Williams*, 113 F.R.D. 177, 179 (M.D. Fla. 1986) (noting that when the information sought involves "events in which one or more of the defendants participated, or which occurred in one or more of the defendants' presence[, t]he Eleventh Circuit has held that this sort of information need not be

furnished in a bill of particulars."). Accordingly, Defendant's Motion is properly

denied.

Respectfully submitted,

DAVID H. ESTES
UNITED STATES ATTORNEY

*/s/ Tania D. Groover*
Tania D. Groover
Assistant United States Attorney
Georgia Bar No. 127947

Post Office Box 8970
Savannah, Georgia 31412
Telephone: (912) 201-2552
Facsimile: (912) 652-4388
E-mail: tania.groover@usdoj.gov